UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONALD MAY, | Case No.: 5:13-CV-01576-EJD |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| SEMBLANT, INC., a corporation; STEVE LOWDER, an individual, | **[Re: Docket No. 13, 14]** |
| Defendants. | |

Presently before the court are a Motion to Dismiss and a Request for Judicial Notice filed by Defendants Semblant, Inc. ("Semblant") and Steve Lowder (collectively, "Defendants"). See Docket Nos. 13, 14.

Having reviewed the parties' submissions, the Court found this matter appropriate for decision without oral argument. Civil L.R. 7–1(b). Thus, the hearing scheduled for September 27, 2013 was vacated. For the reasons explained below, the Request for Judicial Notice is GRANTED and the Motion to Dismiss is GRANTED IN PART AND DENIED IN PART.

1

# I. BACKGROUND

### a. Factual Background

The following facts have been taken from Plaintiff's Complaint, Docket No. 1, and are taken as true for purposes of this motion.

In February of 2012, Plaintiff was solicited by Semblant's agents for a Senior Vice President of Worldwide Sales and Marketing position with Semblant. It was represented to Plaintiff that Semblant was a United Kingdom based technology development company which had two technologies they were marketing and selling, Plasma Surface Finish ("SPF") and Conformal Coat. Plaintiff was informed that customers were "standing in line," that Semblant had a very high growth potential with a huge market for its products and that a multimillion dollar contract for Conformal Coat had already been signed. A series of further interviews took place between Plaintiff and other officers and agents of Semblant, including Semblant's Chief Executive Officer, Steve Lowder. During the interviews, additional representations were made to Plaintiff.

Semblant and Lowder made Plaintiff a verbal offer of employment which included compensation based on the sale of Semblant products and on Semblant's performance under contract with a large Silicon Valley Company known as Armor. The offer included other benefits and compensation as well. On April 10, 2012, Semblant and Lowder reiterated the offer and insisted that Plaintiff accept immediately, which Plaintiff did.

After Plaintiff had started employment with Semblant, written documents which were to set forth the terms of the employment agreement were provided to Plaintiff. Plaintiff found the terms in the written agreement to be "far afield" from the terms in the verbal offer of employment made previously. Plaintiff brought the discrepancies to Semblant's attention. Lowder informed Plaintiff that Lowder would have changes made to the written agreement to conform with the verbal offer once Plaintiff had signed the written agreement. Plaintiff signed the written agreement and continued his employment with Semblant.

Thereafter, over the course of the next two months, Plaintiff alleges that he learned that the representations made by Semblant and Lowder regarding Semblant, its products, its markets, the

2

financial worthiness of Semblant, and Plaintiff's job duties and responsibilities were false. Plaintiff alleges that Semblant made other material false representations and that Semblant was attempting to defraud the public.

When Plaintiff protested Lowder's and Semblant's actions and refused to participate, he was terminated and was allegedly threatened with legal action if he revealed the false representations that had been made to the public.

### b. Procedural History

Plaintiff filed his original complaint on April 8, 2013 against Defendants Steve Lowder and Semblant, Inc. Defendants filed their Motion to Dismiss on May 10, 2013, asking the Court for the following relief: 1) dismissal of Plaintiff's first cause of action as to Lowder only and 2) dismissal of Plaintiff's second cause of action for failure to state a claim. Defendants deny Plaintiff's allegations in their entirety.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the complaint with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 606 F.3d 658, 664 (9th Cir. 2010) (quoting Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

3

Case No.: 5:13-CV-01576-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

## III. REQUEST FOR JUDICIAL NOTICE

Defendants make an unopposed Request for Judicial Notice of a Contract of Employment, dated April 10, 2012, signed by Plaintiff and Lowder, with an accompaying Offer Letter signed by Lowder. Docket No. 14.

As a general rule, a district court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001) (internal citation and quotation marks omitted). A district court may, however, consider materials that are submitted with and attached to the complaint. Id. A district court may also consider unattached evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).

The written contract is referenced several times in Plaintiff's Complaint and Plaintiff asserts that the terms of the verbal offer made by Lowder control over the terms of the written contract. The Court must review the written contract to determine if the parol evidence rule bars evidence of the verbal offer. No party questions the authenticity of the document.

Defendants' Request for Judicial Notice is GRANTED.

## IV. MOTION TO DISMISS

### a. Whether Semblant is barred from defending this action

As a threshold matter, the Court addresses the issue of whether Semblant is barred from defending Plaintiff's lawsuit. Plaintiff alleges that Semblant has failed to register as a corporation with the California Secretary of State, has failed to pay any filing fees and monies due the California Franchise Tax Board, and as a result is barred from defending this action and from bringing the instant Motion to Dismiss.

Plaintiff cites Cal. Rev. & Tax. Code § 23301, which provides for the suspension or forfeiture of "the corporate powers, rights, and privileges" of a domestic or foreign corporation that does not pay its taxes. Suspended corporations may not "prosecute or defend an action, appeal from an adverse judgment, seek a writ of mandate, or renew a judgment obtained prior to

suspension." Grell v. Laci Le Beau Corp., 73 Cal. App. 4th 1300, 1306 (1999). Even a demurrer filed while a corporation is suspended is "an unauthorized act by a suspended corporation in violation of Revenue and Taxation Code § 23301." Id.

However, Plaintiff has not alleged that Semblant is in fact a suspended California corporation or that Semblant's powers, rights, and privileges as a foreign corporation have in fact been forfeited. Plaintiff has merely alleged that Semblant has not registered with the Secretary of State and that Semblant has failed to pay fees and monies due the Franchise Tax Board. It does not follow that Semblant is actually suspended or that its powers have been forfeited. Forfeiture and suspension of a corporation's powers does not occur automatically upon the failure to register or pay taxes due. As provided in § 23302, taxpayers are entitled to notice before suspension or forfeiture occurs pursuant to § 23301, and the Franchise Tax Board must transmit the names of the taxpayers to the Secretary of State before suspension or forfeiture becomes effective.

Plaintiff's argument is therefore rejected, and the Court shall consider Semblant's Motion to Dismiss.

### a. Misrepresentation

Plaintiff's first cause of action, misrepresentation, is asserted against both Defendants. Defendants contend that Lowder should be dismissed from this claim based on the "co-employee privilege" set forth in Sheppard v. Freeman, 67 Cal. App. 4th 339, 347 (1998), precluding suit against coworkers for "personnel actions" absent statutory authorization. Defendants argue that Lowder engaged in personnel actions and thus cannot be held liable under Sheppard.

In Sheppard, the plaintiff, a former airline pilot, sued former coworkers on the ground that they had conspired maliciously to falsify his performance record which in turn resulted in his discharge. In deference to the broader concern that employees should feel free to voice their concerns about coworkers, the Sheppard court held, in a two-to-one decision, that "an employee or former employee cannot sue individual employees based on their conduct, including acts or words, relating to personnel actions," even if the conduct was malicious. Id.

5
Case No.: 5:13-CV-01576-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Sheppard has fared poorly in our Circuit. In his dissent from the Sheppard majority, Justice Kremer argued at length that this "sweeping new immunity" was unnecessary, ill-conceived and contrary to established law. Id. at 352-354. Echoing these concerns, the court in Graw v. Los Angeles County Metro. Transp. Auth., 52 F. Supp. 2d 1152 (C.D. Cal. 1999), concluded that the California Supreme Court would not endorse the privilege set forth in Sheppard and on that basis declined to follow Sheppard. Finding the reasoning of Graw persuasive, a different court followed suit and refused to allow a defendant to assert the Sheppard immunity to shield herself from a plaintiff's claims for tortious interference with contract and prospective economic relations and for negligent infliction of emotional distress. Morcote v. Oracle Corp., 2005 WL 3157512, at *7 (N.D. Cal. Nov. 23, 2005).

Another court held that Sheppard applied only to "coworkers" or "co-employees" and refused to grant the privilege to a hiring manager, who was in a supervisory and decision-making role, when the acts complained of included statements allegedly made by the hiring manager directly to the plaintiff. Whitsitt v. Vinotheque Wine Cellars, 2007 WL 4126077, at *6 (E.D. Cal. Nov. 20, 2007).

Applying these decisions, the Court finds that Sheppard does not grant Lowder immunity from Plaintiff's claim of misrepresentation. It is not denied that Lowder was the Chief Executive Officer of Semblant at the time the alleged acts in the complaint took place. Lowder acted in a supervisory and decision-making role in hiring Plaintiff. Sheppard may no longer be good law and even if it were, the coworker privilege likely applies only to coworkers or co-employees, not managers like Lowder. Moreover, the acts complained of include statements allegedly made by Lowder directly to Plaintiff. The policy considerations underlying Sheppard, fostering candid disclosures by employees about the job performance of their peers, do not apply here. Accordingly, the Court rejects Defendants' contention that Lowder should be dismissed based upon the Sheppard "co-employee" privilege.

Defendants also cite two cases discussing the manager's privilege: Birkhead v. Parker, 2012 WL 4902695 (N.D. Cal. Oct. 15, 2012) and Kacludis v. GTE Sprint Commc'ns Corp., 806 F. Supp.

6
Case No.: 5:13-CV-01576-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

866 (N.D. Cal. 1992). Although Defendants do not expressly claim the privilege here, the Court finds it appropriate to address the potential argument.

The manager's privilege protects corporate agents and employees acting for and on behalf of a corporation from liability for inducing a breach of a corporation's contract. This line of cases originated with Shoemaker v. Myers, 52 Cal. 3d 1 (1990), where the California Supreme Court addressed whether an employee who had been terminated could sue his supervisor for the tort of inducement of breach of contract on the theory that his supervisor's role in bringing about his termination induced his employer to breach its contract with him. The court held that he could not, reasoning that the supervisor was acting as an agent for the employer and thus the claim, in essence, alleged that the employer induced a breach of contract with itself. Id. at 25.

Plaintiff's first cause of action is not for breach of contract, and Plaintiff does not assert a claim that Semblant induced a breach of its own contract. Thus, the manager's privilege from the Shoemaker line of cases does not apply here.

As a general rule, "corporate directors and officers are liable for corporate wrongs in which they actively participated." Frances T. v. Village Green Owners' Ass'n, 42 Cal. 3d 490, 514 (1986) (concurrence). "Director status neither immunizes a person from individual liability nor subjects him or her to vicarious liability." Id. The Court is not convinced that the authorities cited by Defendants grant Lowder immunity from Plaintiff's claim of misrepresentation.

Accordingly, Defendants' Motion to Dismiss Plaintiff's first cause of action against Lowder is DENIED.

**b. Breach of contract**

Plaintiff's second cause of action is for "breach of contract and implied covenant" and is asserted against Semblant alone. Plaintiff alleges that on April 4, 2012 Lowder verbally set forth the terms and conditions of Semblant's employment offer to Plaintiff and that, thereafter, Defendants sent Plaintiff a written employment contract with terms and conditions. Complaint ¶¶ 11-14. Plaintiff alleges that the terms and conditions contained in the written contract were different from the verbal representations Lowder had made on April 4, 2012. Id. Lowder allegedly

7
Case No.: 5:13-CV-01576-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

agreed to change the written contract to conform to the verbal agreement when he had a chance to confer with Semblant's Board of Directors. Id. Plaintiff alleges that he executed the written agreement based on Lowder's and Semblant's representations. Id.

### i. Parol evidence rule

In their papers supporting and opposing Defendants' Motion to Dismiss, the parties dispute whether California's parol evidence rule will bar Plaintiff's claim for breach of contract because the written contract contains an integration clause and Plaintiff's claim is based on the April 4, 2012 verbal offer.

The parol evidence rule is codified in Code of Civil Procedure § 1856 and Civil Code § 1625. It provides that when parties enter an integrated written agreement, extrinsic evidence may not be relied upon to alter or add to the terms of the writing. Casa Herrera, Inc. v. Beydoun, 32 Cal. 4th 336, 343 (2004). "An integrated agreement is a writing or writings constituting a final expression of one or more terms of an agreement." Rest. 2d Contracts, § 209, subd. (1); see Alling v. Universal Manufacturing Corp. 5 Cal. App. 4th 1412, 1433 (1992).

The parol evidence rule therefore establishes that the terms contained in an integrated written agreement may not be contradicted by prior or contemporaneous agreements. Casa Herrera at 344. In doing so, the rule necessarily bars consideration of extrinsic evidence of prior or contemporaneous negotiations or agreements at variance with the written agreement.

The Court has difficulty applying the parol evidence rule to this case because the rule generally contemplates a scenario in which the extrinsic evidence contradicts the terms of the integrated written agreement. Based on the facts pleaded by Plaintiff, no contradiction appears to exist. The Court has reviewed the written employment contract and finds that the terms contained in the written contract do not contradict the terms contained in the verbal offer. The terms allegedly contained in the verbal offer address Plaintiff's job title, salary, benefits, and start date, and are mostly consistent with the terms that appear in the written contract. Plaintiff does not stake his claim on a term that appears in one contract but not the other.

Nonetheless, Plaintiff's cause of action fails for a more fundamental reason because it does not state a claim. The Court's inability to apply the parol evidence rule to these facts is, perhaps, a consequence of inadequate pleading. The Court defers discussion of the parol evidence rule until Plaintiff has had a chance to amend his Complaint to correct the errors discussed below.

### ii. Pleading requirements

Under California law, breach of contract requires sufficient allegation of the following elements: the existence of a contract; the pleading party's performance or excuse for nonperformance; the nonpleading party's breach, and; resulting damage to the pleading party. See Reichert v. Gen. Ins. Co. of Am., 68 Cal. 2d 822, 830 (1968). To plead breach, a claimant must allege how the non-claimant breached a relevant term of the alleged contract. Parrish v. Nat'l Football League Players Ass'n, 534 F. Supp. 2d 1081, 1096 (N.D. Cal. 2007) (granting motion to dismiss where plaintiff failed to allege breach of any relevant contract term).

Plaintiff has failed to plead how Semblant breached a relevant term of the contract. Plaintiff alleges that Lowder made the following verbal promises on April 4, 2012: 1) that Plaintiff was to become the Senior Vice President of Strategic Programs, 2) that Plaintiff's base salary was $162,000, 3) that Plaintiff was to be paid a bonus based on the Armor agreement, 3) that Plaintiff was to be provided with certain travel allocations, medical benefits, 401K plan and stock in Semblant in the form of stock options for 87,500 shares, and 4) that Plaintiff's start date was to be April 10, 2012. Complaint ¶ 12. These are the only terms alleged to be contained in the verbal offer.

As to breach, Plaintiff provides nothing but conclusory allegations that a breach occurred. Plaintiff's second cause of action alleges that "Semblant breached its agreement with Plaintiff by not honoring the terms of the agreement as aforesaid and by terminating Plaintiff's employment." Complaint ¶ 25. In his Opposition to Defendants' Motion to Dismiss, Docket No. 16, Plaintiff alleges that Defendants "concealed from him that they had no intention to fulfill the promises made to him in terms of his compensation, bonus monies, job duties, responsibilities, authority and support, but rather, intended to use Plaintiff and others to defraud the public and convert Armor's

9
Case No.: 5:13-CV-01576-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

trade secrets and confidential information and in doing so not pay Plaintiff his bonus monies." Id. at 4-5.  Simply alleging that Semblant did not honor or did not intend to honor the terms of the agreement is not enough to state a claim for breach of contract without describing which terms were not honored and in what way.

Accordingly, the Court DISMISSES with leave to amend Plaintiff's second cause of action.

### c. Breach of the implied covenant of good faith and fair dealing

Defendants note that Plaintiff may have combined claims for breach of contract and breach of the implied covenant of good faith and fair dealing in his second cause of action, on the same set of facts.  In California, breach of contract and breach of the implied covenant of good faith and fair dealing are two distinct claims.  Swearengin v. Cont'l Ins. Co., 2002 WL 34439648, at *3 (C.D. Cal. Oct. 3, 2002).  In this Order, the Court has treated Plaintiff's second cause of action as one for breach of contract because Plaintiff's Opposition to the Motion to Dismiss, Docket No. 16, argues against dismissal as if the second cause of action was for breach of contract.

In the interests of justice, the Court grants Plaintiff leave to add a new cause of action for breach of the implied covenant of good faith and fair dealing, although the choice to do so is entirely within Plaintiff's discretion.  However, Plaintiff should be mindful that a claim for a breach of the implied covenant of good faith and fair dealing must be distinguishable from his claim for breach of contract to avoid dismissal of one of the claims as superfluous.  See Daly v. United Healthcare Ins. Co., 2010 WL 4510911, at *6-7 (N.D. Cal. Nov. 1, 2010).  For example, the claims might be distinguishable, even when based on the same facts, where a plaintiff may be able to prevail on a breach of the implied covenant claim despite failing on the breach of contract claim. See Celador Intern. Ltd. v. Walt Disney Co., 347 F. Supp. 2d 846, 853 (C.D. Cal. 2004). Moreover, "an implied covenant cannot create an obligation inconsistent with an express term of the agreement." Nein v. HostPro, Inc., 174 Cal. App. 4th 833, 852 (2009).  When the parties expressly agree on the terms of employment, new terms may not be implied in a written contract through the vehicle of the covenant of good faith.  See Vikco Ins. Servs., Inc. v. Ohio Indem. Co., 70 Cal. App. 4th 55, 70 (1999).

10

Case No.: 5:13-CV-01576-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Defendants are correct that Plaintiff's Complaint, in its current form, does not state a claim for breach of the implied covenant of good faith and fair dealing because Plaintiff has not explained how any of Semblant's actions were a breach of the implied covenant, just as he has not explained how any of Semblant's actions were a breach of contract. Plaintiff must address these issues if he chooses to amend his Complaint to add this new cause of action.

## V. CONCLUSION

For the foregoing reasons, the Request for Judicial Notice is GRANTED and the Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. Plaintiff's second cause of action is dismissed. The Motion to Dismiss is denied as to Plaintiff's first cause of action.

Plaintiff is granted leave of court to add one new cause of action for breach of the implied covenant of good faith and fair dealing, if so desired. Any amended complaint must be filed within thirty days of the date of this Order. Plaintiff is advised that he may not add further new claims or new parties without first obtaining Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

Plaintiff is further advised that failure to amend the complaint in a manner consistent with this order may result in the dismissal of this action.

**IT IS SO ORDERED**

Dated: September 27, 2013

							_____
							EDWARD J. DAVILA
							United States District Judge

11
Case No.: 5:13-CV-01576-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS