1  Jon G. Daryanani (SBN 205149)
   JDaryanani@perkinscoie.com
2  PERKINS COIE LLP
   1888 Century Park E., Suite 1700
3  Los Angeles, CA 90067-1721
   Telephone: 310.788.9900
4  Facsimile: 310.788.3399

5  Attorneys for Defendants
   SEMBLANT, INC.; STEVE LOWDER
6

7  Randall M. Widmann (SBN 73154)
   Law Offices of
8  Randall M. Widmann
   2479 E. Bayshore Rd., Ste 703
   Palo Alto, CA 94303
9  Telephone (650) 424-8400

10 Attorneys for Plaintiff
   DONALD MAY
11

12                 UNITED STATES DISTRICT COURT

13               NORTHERN DISTRICT OF CALIFORNIA

14                       SAN JOSE DIVISION

15

16 DONALD MAY,                          Case No. CV13-01576 EJD

17              Plaintiff,              STIPULATED PROTECTIVE ORDER

18        v.                           Ctrm:   4
                                       Judge:  Hon. Edward J. Davila
19 SEMBLANT, INC., a corporation,
   and STEVE LOWDER, an               MODIFIED BY THE COURT
20 individual,
                                       (RE: DKT. 34)
21              Defendants.

22

23        Disclosure and discovery activity in this Action are likely to involve

24 production of confidential, proprietary, or private information for which special

25 protection from public disclosure and from use for any purpose other than

26 prosecuting this litigation may be warranted. Accordingly, Plaintiff Donald May

27 ("Plaintiff") and Defendants Semblant, Inc. and Steve Lowder ("Semblant") hereby

28

FILED

NOV 21 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in paragraph 15 below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1. **Right to Designate.** Any party to this Action and any non-party from whom discovery is sought in connection with this Action who agrees to be bound by the procedures of this Protective Order ("the Designator") may designate any "Protected Information" produced by such party as "Confidential."

(a) "Protected Information" is defined herein as any information, document, testimony, thing, data, file, or other material that constitutes or contains proprietary, confidential, business, financial, commercial or technical information, the disclosure of which is likely to cause harm to the competitive position of the party making the designation, or that constitutes, reflects, or concerns trade secrets, know-how, or proprietary data.

(b) "Recipient" as used herein refers to any party who receives Protected Information designated pursuant to this Protective Order.

(c) Protected Information shall not include information or material that: (i) was, is, or becomes public knowledge in a manner other than by violation of this Protective Order or other fault of the Recipient; (ii) is acquired by the Recipient from a non-party not owing a duty of confidentiality to the Designator; (iii) before receipt from the Designator, was lawfully possessed by the Recipient without a duty of confidentiality to the Designator; (iv) is disclosed by the Designator to a

1  third party not owing a duty of confidentiality to the Designator; or (v) was

2  independently developed by the Recipient.

3      **2. Confidential Designation.** By designating material "Confidential," the

4  Designator is representing that it believes in good faith that the designated material

5  is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil

6  Procedure. Designations of "Confidential" under this Protective Order shall apply

7  to the Protected Information so designated, all copies, extracts, compilations, and

8  summaries thereof, and any information contained therein.

9      (a) "Confidential" material includes any Protected Information that

10 constitutes or contains proprietary, confidential, or commercially sensitive

11 information.

12     **3. Limitations on Use of Protected Information.** No Recipient of

13 Protected Information shall use such information for any purpose other than in

14 connection with this Action, including any appeals. Such Protected Information

15 shall be maintained in confidence by the Recipient and shall not be disclosed to

16 anyone except as provided herein, by further written agreement of the parties, or by

17 further order of the court.

18     **4. Disclosure of "Confidential" Protected Information.** Protected

19 Information designated "Confidential" shall not be disclosed or otherwise

20 communicated to any person except:

21     (a) Outside Counsel of record for the parties. As used herein, "Outside

22 Counsel" shall mean attorneys (and their clerical support staff) who are not

23 employees of a party but are retained to represent or advise a party and have

24 appeared in this Action on behalf of that party or are affiliated with a law firm

25 which has appeared on behalf of that party.

26     (b) The officers, directors, and employees (including House Counsel) of the

27 Recipient to whom disclosure is reasonably necessary for this litigation and who

28

3

1    have executed an undertaking in the form of Exhibit A. As used herein, "House
2    Counsel" shall mean attorneys who are employees of the Recipient.

3       (c) Testifying experts, non-testifying experts, consultants, and/or consulting
4    firms (and their clerical support staff) for each of the parties, specifically engaged
5    by counsel or the parties to assist in this Action, who have been properly designated
6    in accordance with paragraph 5 and have executed an undertaking in the form of
7    Exhibit A.

8       (d) Vendors retained by a party or by Outside Counsel, including without
9    limitation: graphics or design services retained for purposes of preparing
10    demonstrative or other exhibits for deposition, trial or other court proceedings; copy
11    services, companies that digitize documents, and other similar document
12    management vendors; jury research or trial consulting services. Any such vendors
13    shall first execute an undertaking in the form of Exhibit A. Such agreement may be
14    signed by an authorized agent on behalf of a vendor that is an entity; it need not be
15    signed by each employee of a vendor performing services.

16       (e) Translators of foreign language documents retained to provide
17    translations of any Protected Information, who are not employees of any of the
18    parties and who have executed an undertaking in the form of Exhibit A.

19       (f) Mediators, retained by the parties or assigned by the court, who have
20    executed an undertaking in the form of Exhibit A.

21       (g) Mock jurors, retained by the parties or vendors thereof, who have
22    executed an undertaking in the form of Exhibit A.

23       (h) Any person employed by the Designator of the Protected Information
24    being examined as a witness during a deposition or at trial, to whom disclosure is
25    reasonably necessary. Any such person must have first executed an undertaking in
26    the form of Exhibit A.

27       (i) The author, actual recipient, or intended recipient (as identified in the
28    Protected Information) of the Protected Information.

(j)  The court and its personnel, pursuant to paragraph 15, jurors, and any court officers, court stenographers, and outside copy services used by the court whose function requires them to have access to Protected Information.

(k)  Any other person upon order of the court.

(l)  Any other person upon written consent of the Designator.

5.  **Designation of Consultants.**  Any Recipient may designate a reasonable number of retained expert consultants (either testifying or non-testifying) ("Consultants") to have access to Protected Information under this Protective Order, if the consultants: (i) are neither employees of a party nor anticipated to become employees of a party in the near future, (ii) are engaged by or on behalf of a party as bona fide consultants or experts for purposes of this Action, and (iii) who have executed an undertaking in the form of Exhibit A.  The following procedures shall govern the designation of Consultants under this Protective Order:

(a)  The party seeking to designate a Consultant shall first make a written request to the Designator that includes: (i) sufficient information to fully identify the Consultant; (ii) a current résumé or curriculum vitae of the Consultant, if available; and (iii) identification of all consulting engagements for or adverse to the opposing party.

(b)  A party that makes a request to designate a Consultant and provides the information specified in the preceding subparagraph may disclose Protected Information to the identified Consultant unless, within fourteen (14) days of delivering the request, the party receives a written objection from the Designator setting forth in detail the grounds on which it is based.  The Designator may object in good faith to the proposed Consultant if facts available to that party show that there is a reasonable likelihood that the proposed Consultant will use or disclose Protected Information for purposes other than those permitted by this Protective Order, or if the Consultant states that he or she is unable to disclose information concerning other consulting engagements due to a non-disclosure agreement.

5

1      (c)  A party that receives a timely written objection must meet and confer

2    with the Designator (through direct voice to voice dialogue) to try to resolve the

3    matter by agreement within seven (7) days of the written objection.  If no

4    agreement is reached, the objecting Designator may seek a ruling from the court IN COMPLIANCE WITH THE UNDERSIGNED'S STANDING ORDER RE CIVIL DISCOVERY

5    and shall bear the burden of showing why disclosure should not be permitted.  DISPUTES,

6    Pending a ruling by the court, the proposed Consultant shall not have access to

7    Protected Information unless such access has been previously approved.

8       **6. Inadvertent Disclosure of Designated Protected Information.**  In the

9    event of any disclosure of Protected Information other than in a manner authorized

10   by this Protective Order, counsel for the party responsible for the unauthorized

11   disclosure shall immediately notify counsel for the Designator and shall make every

12   effort to further prevent unauthorized disclosure, including retrieving all copies of

13   the Protected Information from the unauthorized recipient(s) thereof and securing

14   the agreement of the unauthorized recipient(s) not to further disseminate the

15   Protected Information in any form.  Compliance with the foregoing shall not

16   prevent the Designator from seeking further relief from the court.

17      **7. Designating Protected Information.**  No designation of documents or

18   things shall be effective unless there is placed or affixed on such material a

19   "Confidential" marking as required herein, except as provided for in paragraphs 11.

20   The designation of information or material as "Confidential" for purposes of this

21   Protective Order shall be made in the following manner:

22      (a)  The Designator shall affix the legend "Confidential," as appropriate, to

23   each page of any document containing such information at the time such documents

24   are produced, or as soon thereafter as the Designator becomes aware of the

25   confidential nature of the information or material disclosed and sought to be

26   protected hereunder.  All documents produced from hard copy that the Designator

27   deems "Confidential" shall be so marked by the Designator in accordance with this

28   subparagraph, even if produced in the form of electronic images.

(b) In the case of documents produced on magnetic, optical, or other encoded media (except for images of hard copy documents), the Designator shall affix the legend "Confidential," as appropriate, on the outside of the storage medium (e.g., the magnetic disk enclosure or optical disk). A Recipient desiring to make electronic copies of such media or portions thereof shall — if permitted to make such copies under the terms of this Protective Order — affix the same designation on the copy as exists on the original, produced medium. A party desiring to make a "hard copy" of all or a portion of the contents of information or documents stored electronically — if permitted to make such copies under the terms of this Protective Order — shall place on each page of such hard copy the same designation found on the outside of the storage medium.

(c) In the case of transcripts or recordings of depositions or other pretrial proceedings in this Action, counsel for the Designator may state on the record during such deposition or other proceeding that the entire transcript or a portion thereof shall be designated as "Confidential," as appropriate; or may give written notice of such designation sent to all parties within fourteen (14) days after the transcript or recording is sent to counsel by the court reporter. If no such designation is made at the time of the testimony or other proceeding, the parties shall treat all transcripts and recordings of testimony and proceedings as "Confidential" hereunder until fourteen (14) days after the transcript or recording is sent to counsel by the court reporter. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the court. If any document or material designated as "Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such document or material shall be stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

(d)  In the case of pleadings, briefs, memoranda, exhibits, written discovery responses, or other documents prepared in this Action for the purpose of discovery or court proceedings, counsel shall affix the legend "Confidential," as appropriate, to each page of any document containing any such Protected Information at the time such documents are served or filed, or promptly after learning that the document contains Protected Information.

8. **Designation With Respect to Original or Native Documents.**  In the event the Designator elects to produce documents or other materials in native or original form for inspection or sampling, no confidentiality designations need be made by the producing party in advance of the inspection, and the inspection shall not be deemed to constitute an express or implied waiver (a) of any right to designate such documents as "Protected Information" under this Order or (b) of any applicable privilege (e.g., attorney-client privilege, work-product doctrine, common interest doctrine, or other applicable privilege).  All such documents or other material shall be considered as marked "Confidential."  After selection by the inspecting party of specified documents or material for copying, the Designator shall place the appropriate confidentiality designations on the copies of the selected documents or materials produced to the inspecting party.

9. **Inadvertent Failure to Designate.**  If a party inadvertently produces any trade secret or other confidential information without designating it as Protected Information, the Recipient may disclose such information to others until the Recipient is notified or becomes aware of the error, unless the Recipient knows or it is obvious from the face of the document that it contains trade secret or other confidential information that the producing party intended to designate as Protected Information pursuant to this Protective Order.  If the producing party notifies the Recipient in writing of an inadvertent failure to designate information as Protected Information, the Recipient will thereafter treat such information as if it had been so designated when produced and will make a good faith effort to secure the prompt

8

1    return of all copies of documents containing such information that it distributed or

2    disclosed to persons not authorized to have access to such information under this

3    Protective Order, as well as any copies made by such persons.

4        **10. Challenging Confidentiality Designations.**  The propriety of a

5    designation of Protected Information may be challenged at any time, and the failure

6    to promptly challenge a designation of Protected Information shall not constitute an

7    admission that the information constitutes or incorporates a trade secret or other

8    confidential information of the Designator within the scope of Fed. R. Civ. P.

9    26(c)(1)(G).  If a Recipient desires to challenge a designation of Protected

10   Information, the Recipient shall confer with the Designator, explain the basis for

11   the challenge, and seek to resolve the issue.  If the dispute is not thereby resolved,

     IN COMPLIANCE WITH THE UNDERSIGNED'S STANDING ORDER RE CIVIL DISCOVERY

12   the Recipient may apply to the court for relief and the Designator shall bear the    DISPUTES,

13   burden of proving that the information was properly designated.

14       **11. Protected Information Sought by Non-Parties.**  If a Recipient is (a)

15   subpoenaed in another action, (b) served with a demand in another action to which

16   it is a party, or (c) served with any other legal process by one not a party to this

17   Action, seeking Protected Information that was produced in this Action, the

18   Recipient shall (i) object to its production to the extent permitted by law, setting

19   forth the existence of this Protective Order; (ii) within seven (7) business days after

20   receipt thereof, or the earliest practicable date thereafter, give written notice by e-

21   mail, hand, or facsimile of such process or discovery request together with a copy

22   thereof, to counsel for the Designator; (iii) cooperate to the extent necessary to

23   permit the Designator to seek to quash such process or discovery request; and (iv)

24   not produce or disclose such Protected Information until the Designator consents in

25   writing or unless in compliance with an order specifically requiring production or

26   disclosure by a court, U.S. or foreign government agency, or administrative body of

27   competent jurisdiction.  Nothing herein shall be construed as requiring any party or

28   other person subject to this Protective Order to challenge or appeal any order

9

*AND NOTHING IN THESE PROVISIONS SHOULD BE CONSTRUED AS AUTHORIZING OR ENCOURAGING A PARTY IN THIS ACTION TO DISOBEY ANY SUCH OTHER LEGAL PROCESS OR ORDER.*

1  requiring production of Protected Information or subject itself to any penalties for

2  noncompliance with any legal process or order.  Compliance with such other legal

3  process or order by a person or party who has otherwise complied with the

4  provisions of this paragraph will not be a violation of this Protective Order.

5        **12. Filing Protected Information.** Without written permission from the

6  Designator or a court order secured after appropriate notice to all interested persons,

7  a party may not file any Protected Information in the public record in this Action.

8  A party that seeks to file under seal any Protected Information must comply with

9  Civil Local Rule 79-5.  Protected Information may only be filed under seal pursuant

10 to a court order authorizing the sealing of the specific Protected Information at

11 issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a

12 request establishing that the Protected Information at issue is privileged, protectable

13 as a trade secret, or otherwise entitled to protection under the law.  If a Recipient's

14 request to file Protected Information under seal pursuant to Civil Local Rule 79-

15 5(e) is denied by the court, then the Recipient may file the Protected Material in the

16 public record pursuant to Civil Local Rule 79-5(e)(2), unless otherwise instructed

17 by the court.

18       **13. Use of this Protective Order by Non-Parties.** Any non-party who

19 produces documents and/or deposition testimony in this matter shall be provided

20 with a copy of this Protective Order and notified of the opportunity to designate

21 materials in accordance therewith.  Any non-party that discloses Protected

22 Information under this Protective Order shall be entitled to the rights and

23 obligations of a party under this Protective Order with respect to the Protected

24 Information produced.  Non-parties may move the court to enforce the provisions of

25 this Protective Order.  The use of this Protective Order by a non-party does not

26 entitle that non-party to access the Protected Information produced by any other

27 party or non-party in this action.  *ALL DISCLOSURE AND DISCOVERY DISPUTES*

28 *ARE SUBJECT TO THE UNDERSIGNED'S STANDING ORDER RE CIVIL DISCOVERY DISPUTES.*

                                    10

**14. No Application to Party's Own Information.** This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.

**15. Consent to Jurisdiction.** All persons who have access to Protected Information under this Protective Order shall be bound by this Protective Order and shall be subject to the jurisdiction of this court for purposes of enforcing this Protective Order.

**16. No Admission.** Entering into, agreeing to, or otherwise complying with the terms of this Protective Order, and/or producing or receiving Protected Information under this Protective Order, shall not:

(a) Operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information;

(b) Prejudice in any way the right of any party to object to the production of documents they consider not subject to discovery, whether on grounds of privilege or otherwise;

(c) Prejudice in any way the right of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence;

(d) Prejudice in any way the right of any party to seek a determination by the court as to whether any information or material should be subject to the terms of this Protective Order;

(e) Prejudice in any way the right of any party to petition the court for a further protective order relating to any purportedly confidential information; or

(f) Prevent a Designator from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**17. Modification / Trial.** It is the intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial proceedings in this

11

1   Action.  Nonetheless, each of the parties hereto shall be entitled to seek

2   modification of this Protective Order by application to the court upon notice to the

3   other parties hereto and upon a showing of good cause.  If this Action proceeds to

4   trial, the parties shall meet and confer on the procedures necessary to protect the

5   confidentiality of any documents, information, and transcripts used in court during

6   trial.

7   **18.  Effective Before Entry.**  The parties agree to be bound by the terms of

8   this Protective Order once it is signed by all the parties hereto, pending its entry or

9   the entry of an alternative Protective Order by the court.  Any violation of the terms

10  of this Protective Order during such pendency shall be subject to the same sanctions

11  and penalties as if this Protective Order had been entered by the court.

12  **19.  Survival After Final Disposition.**  Even after Final Disposition of this

13  Action, the confidentiality obligations imposed by this Protective Order shall

14  remain in effect until a Designator agrees otherwise in writing or a court order

15  otherwise directs. FOR A PERIOD OF SIX MONTHS AFTER FINAL DISPOSITION OF THIS
    ACTION, THIS COURT WILL RETAIN JURISDICTION TO ENFORCE THE TERMS OF THIS ORDER.

16  **20.  Obligations Upon Final Disposition.**  "Final Disposition" shall be

17  deemed to be the later of (1) dismissal of all claims and defenses in this action, with

18  or without prejudice; and (2) final judgment herein after the completion and

19  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

20  including the time limits for filing any motions or applications for extension of time

21  pursuant to applicable law.  Within 60 days after Final Disposition, each Recipient

22  must return to the Designator or destroy all Protected Information, includes all

23  copies, abstracts, compilations, summaries, and any other format reproducing or

24  capturing any of Protected Information.  Whether the Protected Material is returned

25  or destroyed, the Recipient must submit a written certification to the Designator

26  within 60 days after Final Disposition that (1) identifies (by category, where

27  appropriate) all the Protected Information that was returned or destroyed and (2)

28  affirms that the Recipient has not retained any copies, abstracts, compilations,

1  summaries, or any other format reproducing or capturing any of the Protected
2  Material. Notwithstanding this provision, counsel are entitled to retain an archival
3  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
4  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
5  work product, and consultant and expert work product, even if such materials
6  contain Protected Material. Any such archival copies that contain or constitute
7  Protected Material remain subject to this Protective Order.

8
9
10      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
11
12  DATED: November 12, 2013      PERKINS COIE LLP
13
14                                By: _____
                                      Jon C. Daryanani
15
                                  Attorneys for Defendants
16                                SEMBLANT, INC. and STEVE LOWDER

17  DATED: November 14, 2013      LAW OFFICES OF RANDALL M.
18                                WIDMANN

19                                By: _____
                                      Randall M. Widmann
20
                                  Attorneys for Plaintiff
21                                DONALD MAY
22
23                      AS MODIFIED BY THE COURT,
24      PURSUANT TO STIPULATION, IT IS SO ORDERED.
25
26  DATED: 11/21/13  _____
27                                Hon. Edward J. Davila      HOWARD R. LLOYD
                                  United States District Magistrate Judge
28

                                    13

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Northern District of California on _____ [date] in the case

of *Donald May v. Semblant Inc. and Steve Lowder*, CV13-01576 EJD. I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full

name] of _____ [print or type full address and

telephone number] as my California agent for service of process in connection with this action or

any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____
    [printed name]


Signature: _____
    [signature]

14