1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5                         SAN JOSE DIVISION

6

7   DONALD MAY,                              Case No. 13-cv-01576-BLF
              Plaintiff,
8
         v.
9                                            **ORDER GRANTING DEFENDANTS'**
    SEMBLANT, INC, et al.,                   **PARTIAL MOTION TO DISMISS**
10                                           [Re:  ECF No. 33]
              Defendants.
11

12

13          Defendants Semblant, Inc. ("Semblant") and Steve Lowder ("Lowder") bring this Partial

14   Motion to Dismiss Plaintiff Donald May's ("May" or "Plaintiff") First Amended Complaint

15   ("FAC"). Plaintiff brings suit against Defendants alleging fraudulent misrepresentation, breach of

16   oral contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel,

17   and wrongful termination, arising from an employment dispute with his former employer,

18   Semblant, and its Chief Executive Officer, Lowder. Defendants move to dismiss Plaintiff's second

19   cause of action, for breach of oral contract, and third cause of action, for breach of the implied

20   covenant of good faith and fair dealing, pursuant to Federal Rule of Civil Procedure 12(b)(6), for

21   failure to state a claim.

22          Having considered the briefing and oral argument of the parties, the Court hereby

23   GRANTS Defendants' Motion to Dismiss, with leave to amend.

24   **I.     BACKGROUND**

25          **A.     Procedural History**

26          Plaintiff filed his initial Complaint on April 8, 2013. (ECF 1) This Court has already

27   evaluated the pleadings in this case: on September 27, 2013, Judge Edward Davila granted in part

28   and denied in part Defendants' Motion to Dismiss, (ECF 31), dismissing Plaintiff's breach of

United States District Court
Northern District of California

1  contract claim with leave to amend and giving Plaintiff the opportunity to add a claim for breach

2  of the implied warranty of good faith and fair dealing. (*Id.*) Judge Davila further granted

3  Defendants' Request for Judicial Notice ("RJN"), (*see* ECF 31 at 4), and took judicial notice of the

4  Employment Agreement ("Agreement") entered into between Plaintiff and Semblant. (RJN, ECF

5  14)

6         Plaintiff filed his First Amended Complaint ("FAC") on October 28, 2013. (ECF 32)

7  Defendants thereafter filed the instant Motion to Dismiss ("Mot. to Dismiss") on November 7,

8  2013. (ECF 33) Plaintiff filed his Opposition ("Opp. to Mot. to Dismiss") on November 21, 2013,

9  (ECF 35), and Defendants replied on November 27, 2013. (ECF 37) The case was reassigned to

10  the undersigned judge on April 17, 2014, and oral argument was heard on July 17, 2014.

11         **B.**     **Factual Allegations in the FAC**

12         This is an employment dispute between Plaintiff, a citizen of California, and Defendants,

13  who Plaintiff alleges are citizens of Arizona. (FAC ¶ 1) In February 2012, Plaintiff alleges he was

14  solicited by agents of Semblant to become a Senior Vice President of Worldwide Sales and

15  Marketing. (FAC ¶ 2) Plaintiff states that Semblant was represented to be a "United Kingdom

16  based technology development company." (*Id.*) After a series of meetings with Steve Lowder,

17  Semblant's CEO, and other officers and agents of Semblant, Plaintiff was made a verbal offer of

18  employment. (FAC ¶ 3) Plaintiff accepted this verbal offer on April 10, 2012. (*Id.*)

19         Plaintiff states that some time later, "after Plaintiff had started employment with

20  Semblant," (FAC ¶ 4), he was provided a written employment contract that included terms "far

21  afield from what had been agreed to" verbally. (*Id.*) Plaintiff states that he:

22            [O]bserved that the terms and conditions of the offer and position
          were not as represented by Lowder and Semblant. Plaintiff

23            discussed the discrepancies with Lowder who insisted that Plaintiff
          execute the agreement notwithstanding the discrepancies but that he,

24            Lowder, would get the necessary changes made to the agreement to
          conform with the verbal agreement when he had a chance to confer

25            with Semblant's Board of Directors.

26  (FAC ¶ 14). Based on these representations, Plaintiff signed the Agreement. (*Id.*)

27         Plaintiff alleges that, in the two months following his signing of the document, he learned

28  that the representations made to him regarding Semblant "were false and that Semblant was

United States District Court
Northern District of California

United States District Court
Northern District of California

1  engaged in attempting to defraud the public." (FAC ¶ 5) He claims that at least one of Semblant's

2  products was not "marketable or saleable," that the company was not financially sound, and that

3  Lowder was "known to be less than candid with Semblant employees and the public." (FAC ¶ 15)

4  Plaintiff further alleges that Semblant and Lowder "planned to effect a plan to use trade secret and

5  confidential information" obtained from another company "for their own purposes." (*Id.*)[1] Plaintiff

6  states that he "protested . . . and refused to participate in the[se] unlawful actions," and was

7  terminated and threatened with legal action. (FAC ¶ 5)

8       Plaintiff thereafter brought this suit, alleging five causes of action: (1) misrepresentation,

9  (2) breach of oral contract, (3) breach of implied covenant of good faith and fair dealing, (4)

10  promissory estoppel, and (5) wrongful termination. Only the second and third causes of action are

11  at issue in this Motion to Dismiss.

12  **II.      LEGAL STANDARD**

13       **A.      Rule 12(b)(6)**

14       A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the

15  face of his complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint

16  must include "a short and plain statement of the claim showing that the pleader is entitled to

17  relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule

18  12(b)(6). In interpreting Rule 8(a)'s "short and plain statement" requirement, the Supreme Court

19  has held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its

20  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff

21  plead factual content that allows the court to draw the reasonable inference that the defendant is

22  liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard does

23  not ask the Plaintiff to plead facts that suggest he will probably prevail, but rather "it asks for more

24  than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks

25  omitted). The Court must "accept factual allegations in the complaint as true and construe the

26  pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire &*

27   

28  [1] For confidentiality purposes, this company is given the fictitious name "Armor" in all briefing and references before the Court.

3

1    *Marine Ins. Co.*, 519, F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, forced to

2    "assume the truth of legal conclusions merely because they are cast in the form of factual

3    allegations." *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120, 1127 (N.D. Cal. 2014) (citing *Fayer v.*

4    *Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)).

5          **B.      Leave to Amend**

6          Pursuant to Federal Rule of Civil Procedure 15(a), a court should grant leave to amend a

7    complaint "when justice so requires," because "the purpose of Rule 15 . . . [is] to facilitate

8    *decision on the merits*, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d

9    1122, 1127 (9th Cir. 2000) (en banc) (emphasis in original). The Court may deny leave to amend,

10   however, for a number of reasons, including "undue delay, bad faith or dilatory motive on the part

11   of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

12   prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

13   amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (2003) (citing *Foman*

14   *v. Davis*, 371 U.S. 178, 182 (1962)).

15   **III.   DISCUSSION**

16         Defendants move to dismiss the second and third causes of action pursuant to Rule

17   12(b)(6) for failure to state a claim, for two reasons. First, Defendants argue that Plaintiff cannot

18   state a claim for breach of oral contract because Plaintiff, after the alleged verbal discussion,

19   signed a written employment agreement that contained an integration clause. (Mot. to Dismiss at

20   1)[2] Second, Defendants argue that Plaintiff's breach of the implied covenant of good faith and fair

21   _____

22   [2] Although the written contract contains a choice of law provision electing Arizona law, (*see* RJN,
     ECF 14 at 11 ("This agreement and all matters arising in connection with it shall be governed by
23   the law of the state of Arizona . . . .")), Defendant has not advanced any argument that the
     purported *oral* contract should be interpreted under Arizona law. At oral argument, counsel for
24   both parties argued that California law should govern the causes of action addressed in the instant
     Motion to Dismiss. Importantly, for purposes of this Court's analysis, both states have a statutory
25   parol evidence rule that bars the admissibility of prior or contemporaneous oral understandings
     which would contradict the terms of an integrated written agreement. *Compare Casa Herrera, Inc.*
26   *v. Beydoun*, 32 Cal. 4th 336, 343-44 (2004) ("The [parol evidence] rule as applied to contracts is
     simply that as a matter of substantive law, the act embodying the complete terms of an agreement
27   in writing (the 'integration'), *becomes the contract of the parties*. . . . The act of executing a
     written contract . . . *supersedes* all the negotiations or stipulations concerning its matter which
28   preceded or accompanied the execution.") (emphasis in original), *with Pinnacle Peak Developers*
     *v. TRW Inv. Corp.*, 129 Ariz. 385, 390-91 (1980) ("The law has long been settled that [] evidence

United States District Court
Northern District of California

1    dealing claim fails because the implied covenant "cannot create an obligation inconsistent with an

2    express term" of a written employment agreement. (*Id.* at 2)

3         For the reasons outlined below, the Court GRANTS the Motion to Dismiss.

4         **A.**    **Breach of Oral Contract**

5         To plead a breach of contract, a plaintiff must show (1) the existence of a contract; (2) that

6    the plaintiff performed his contractual duties, or was otherwise excused from non-performance;

7    (3) defendant's breach of the contract; and (4) resulting damages. *See, e.g.*, *First Commercial*

8    *Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).

9         Plaintiff alleges that, on April 10, 2012, he "entered into a verbal contract of employment"

10   with Semblant, offered to him by Steve Lowder, (FAC ¶ 23), and that Plaintiff "performed all of

11   the conditions and covenants on his part to be performed." (FAC ¶ 24) Plaintiff pleads that

12   Defendants breached the contract in six ways: (1) that Plaintiff was not given the job title, duties,

13   and responsibilities agreed to; (2) that he was not given the bonus agreed to; (3) that he was

14   required, after entering into the oral contract, to "execute documents which originated and were

15   pursuant to the law of the United Kingdom;" (4) that he was not provided with stock options on

16   the terms agreed to; (5) that he was not provided with the travel accommodations or expense

17   reimbursements promised; and (6) that his "overall compensation opportunities and incentives

18   could not be achieved" in light of Semblant's performance. (FAC ¶¶ 25A-25F) Finally, Plaintiff

19   alleges resulting damages. (FAC ¶ 26)

20        Defendants move to dismiss, because "the oral provisions [Plaintiff outlines] directly

21   contradict the express terms of the fully integrated Employment Agreement." (Mot. to Dismiss at

22   4) Defendants argue that the parol evidence rule bars extrinsic evidence that would "alter or add to

23   the terms of [a] writing" in a case, such as this, where the parties have entered into an integrated

24   written agreement. (*Id.*) Thus, Defendants contend, any prior alleged oral contract regarding

25   Plaintiff's employment terms would have been superseded by the integrated, written agreement

26

27   of prior or contemporaneous oral agreements and negotiations is inadmissible, to very terms of a written contract."). The Court's ruling on this Motion would therefore be the same whether it analyzed Defendants' arguments under either California or Arizona law.

28

United States District Court
Northern District of California

1    that Plaintiff signed thereafter, preventing him from asserting a claim based on alleged breaches of

2    that initial oral agreement.[3]

3           Plaintiff makes clear in his Opposition that his claim is based on the oral agreement

4    between Plaintiff and Semblant, rather than the later written agreement. (Opp. to Mot. to Dismiss

5    at 3 ("This oral agreement is the contract which Plaintiff claims in his First Amended Complaint

6    was breached.")) Plaintiff argues that the Court should not use the parol evidence rule to bar

7    Plaintiff's breach of oral contract claims because the rule cannot be used to shield the introduction

8    of proof of *fraud* before the Court. Citing the recent California Supreme Court case *RiverIsland*

9    *Cold Storage, Inc. v. Fresno-Madera Production Credit Association (RiverIsland)*, 55 Cal. 4th

10   1169 (2013), Plaintiff states that extrinsic evidence may be introduced by a party to prove fraud,

11   even if the evidence contradicts information included in an integrated writing. (Opp. to Mot. to

12   Dismiss at 11)

13          Typically, application of the fraud exception to the parol evidence rule would be urged by

14   a party to a written contract challenging the validity of the *written* agreement, seeking rescission or

15   damages caused by fraudulent inducement, *see RiverIsland*, 55 Cal. 4th 1169 (where plaintiffs

16   entered into a loan restructuring agreement, based on defendant's oral representation that plaintiffs

17   had two years to pay the underlying debt; unknown to plaintiffs, who did not read the contract, the

18   written contract provided only three months to pay the debt), or seeking to obtain the benefit

19   plaintiff had bargained for, including the fraudulent oral representations. *See Pinnacle Peak*

20   *Developers v. TRW Investment Corp.*, 129 Ariz. 385 (1980) (where plaintiff sued to enforced the

21   terms of a written agreement as modified by defendant's fraudulent oral representations at the time

22   the agreement was executed).

23          In this case, Plaintiff has attempted to bypass the written agreement, going straight to the

24

25   _____
     [3] In his Order granting in part Defendant's prior motion to dismiss, Judge Davila delayed a ruling
26   on the applicability of the parol evidence rule to this case, because Plaintiff had not yet pled facts
     that evidenced a contradiction between the terms of the purported oral agreement and the terms of
27   the written agreement. (*See* ECF 31 at 8) As Plaintiff has taken the opportunity to amend his
     allegations in the FAC, the Court now finds that a determination of the parol evidence rule's
28   applicability to the purported oral agreement is both appropriate and necessary to adjudicate the
     instant Motion.

United States District Court
Northern District of California

1   alleged oral agreement, without seeking a judicial determination of the invalidity of the written

2   agreement. Having failed to allege that the written agreement is voidable or should be rescinded

3   based on fraudulent inducement, Plaintiff cannot simply ignore that fully integrated written

4   agreement and seek damages for breach of the alleged oral agreement. (*See* FAC ¶ 14; *see also*

5   ECF 14 at 11) The Court agrees with Defendants that Plaintiff has not pled the existence of a valid

6   oral agreement.

7          Plaintiff argues that the Court, were it to preclude information about the prior oral

8   understanding, would be preventing him from pleading a claim for fraud. Not so. Plaintiff includes

9   in his FAC a cause of action for misrepresentation, which is not at issue in this Motion to Dismiss.

10  Under California law, the parol evidence rule does not bar introduction of prior or

11  contemporaneous understandings to plead fraud. *See, e.g.*, *RiverIsland*, 55 Cal. 4th 1169, 1182 ("It

12  was never intended that the parol evidence rule should be used as a shield to prevent the proof of

13  fraud.") (citing *Ferguson v. Koch*, 204 Cal. 342 (1928)). What the parol evidence rule *does* bar is

14  Plaintiff's introduction of evidence of prior or contemporaneous understandings to contradict the

15  terms of an integrated written agreement without seeking a remedy on that contract. This is

16  precisely what Plaintiff is attempting to do here with his second cause of action. Plaintiff signed a

17  written contract with Semblant. This written contract expressly superseded any prior oral

18  understandings regarding the terms of his employment. Whether that written agreement is valid

19  could be the subject of a claim for relief.

20         As such, the Court GRANTS Defendants' Motion to Dismiss with regard to Plaintiff's

21  second cause of action for breach of oral contract, but grants Plaintiff leave to amend in order to

22  cure the deficiencies outlined above.

23              **B.      Breach of Implied Covenant of Good Faith and Fair Dealing**

24         California law implies a covenant of good faith and fair dealing in every contract. *See, e.g.*,

25  *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683 (1988) ("Every contract imposes upon each

26  party a duty of good faith and fair dealing in its performance and enforcement.") (citing the

27  Restatement (Second) of Contracts § 205). Such a covenant "exists merely to prevent one

28  contracting party from unfairly frustrating the other party's right to receive the benefits of the

United States District Court
Northern District of California

7

1    agreement actually made." *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 349 (2000) (emphasis

2    omitted). The implied covenant cannot "create an obligation inconsistent with an express term of

3    the [contractual] agreement." *Nein v. HostPro, Inc.*, 174 Cal. App. 4th 833, 853 (2009); *see also*

4    *Guz*, 24 Cal. 4th 317, 349-50 (stating that the implied covenant of good faith and fair dealing

5    "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in

6    the specific terms of their agreement"). The breach of implied covenant claim, however, cannot

7    merely be duplicative of the breach of contract claim. *See, e.g.*, *Daly v. United Healthcare Ins.*

8    *Co.*, 2010 WL 4510911, at *4-*7 (N.D. Cal. Nov. 1, 2010).

9         Plaintiff alleges that, after Semblant and he "entered into a verbal contract of

10   employment," (FAC ¶ 28), a covenant of good faith and fair dealing arose, whereby Defendants

11   would:

> [Ensure] that Plaintiff would receive all of the compensation and
> benefits to which he was entitled, that Semblant would not require
> that Plaintiff engage in any unlawful or fraudulent acts, that
> Semblant would truthfully and accurately inform Plaintiff of the
> financial and contractual obligations of the company, that Semblant
> would follow and be bound by its own policies and procedures and
> code of ethics and that Plaintiff's performance would be fairly and
> honestly evaluated and used to enhance his compensation as time
> went on.

18   (FAC ¶ 30) Plaintiff does not allege in his FAC that Defendants breached the implied covenant

19   with regard to the written, integrated agreement he ultimately signed; he only alleges the breach of

20   implied covenant claim with regard to the purported oral agreement.

21        Defendants argue that the claim is "based upon his Breach of Oral Contract Claim and

22   therefore should be dismissed," because, pursuant to this Court's prior Order, (*see* ECF 31 at 10-

23   11), the Court stated that any claim for breach of the implied covenant needed to be

24   distinguishable from a claim for breach of contract. (Mot. to Dismiss at 5)

25        The Court ultimately agrees with Defendants that the claim should be dismissed, for

26   reasons similar to those discussed above regarding the breach of oral contract claim. Plaintiff

27   cannot state a claim for breach of the implied covenant of good faith and fair dealing based on the

28   oral agreement because the integrated written agreement superseded that oral understanding as the

United States District Court
Northern District of California

1  contract for purposes of the terms of Plaintiff's employment. *Cf. RiverIsland*, 55 Cal. 4th 1169,

2  1182. The only agreement from which an implied covenant could arise is a validly entered into

3  contract, and the only validly entered into contract before the Court is the written, integrated

4  agreement.

5       Assuming, however, that Plaintiff amends his FAC as described above in Part III.A, the

6  Court finds no pleading defect in his claim for breach of implied covenant of good faith and fair

7  dealing arising out of the purported oral agreement. Plaintiff alleges that Defendants "require[ed]

8  and demand[ed] that Plaintiff engage in unlawful and fraudulent activities and plans," (FAC ¶

9  31C), and "attempt[ed] to get Plaintiff to participate in a scheme, pattern and practice of

10  defrauding Semblant's employees and potential investors." (FAC ¶ 31F) These alleged illegal acts,

11  also referenced elsewhere in the FAC, included "demand[ing] that Plaintiff join with [Defendants]

12  in their attempts to obtain money under false pretenses by defrauding the public." (FAC ¶ 40)

13  Such allegations, taken as true, could "unfairly frustrate[e]" Plaintiff's ability to receive the

14  benefits of the agreement he made with Defendants, *see Guz*, 24 Cal. 4th 317, 349, and thus would

15  be sufficient to state a claim for relief under the implied covenant of good faith and fair dealing.

16       Because Plaintiff has failed to plead around the existence of the integrated written contract,

17  the Court GRANTS Defendants' Motion to Dismiss with regard to Plaintiff's third cause of action

18  for breach of the implied covenant of good faith and fair dealing. Plaintiff has not pled the

19  existence of a valid oral contract from which an implied covenant could arise. The Court grants

20  Plaintiff leave to amend in order to cure the deficiencies in the pleading as outlined above.

21  **IV.   ORDER**

22       For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss, with leave

23  to amend.

24  **IT IS SO ORDERED.**

25  Dated: July 23, 2014

26   

27  BETH LABSON FREEMAN
United States District Judge

28

*United States District Court*
*Northern District of California*